MARK W. TUCKER v. PEERLESS INSURANCE CO., INC.

No. 7825SC711

(Filed 15 May 1979)

**Insurance § 69.2— underinsured motorist not uninsured motorist**
> Plaintiff was not entitled to recover under the uninsured motorist provision of his automobile liability insurance policy, since G.S. 20-279.21(b)(3)b and the policy definition of "uninsured motorist" excluded a motor vehicle with the minimum required liability insurance and the automobile which was involved in the collision with plaintiff was such a motor vehicle.

APPEAL by plaintiff from *Walker (Ralph A.), Judge.* Judgment entered 2 June 1978 in Superior Court, BURKE County. Heard in the Court of Appeals 25 April 1979.

The parties have stipulated the facts. Defendant is the issuer of plaintiff's automobile liability insurance policy, which includes uninsured motorist coverage in the amount of $15,000. On 25 January 1976 plaintiff was involved in a collision with a car owned by one Hulden Dairrell Toney and driven by one Ricky Alan Toney, and on 28 September 1977 a judgment of $15,000 was entered in plaintiff's favor against the Toneys for injuries plaintiff incurred in the accident. The Toneys were insured by Ohio Casualty Insurance Co., with bodily injury coverage limits of $15,000 per person and $30,000 per accident. Five people other than plaintiff were killed or injured in the accident of 25 January, and Ohio Casualty's settlements with them left only $11,000 of coverage to be applied to plaintiff's claim. Ohio Casualty paid plaintiff the $11,000, and plaintiff now seeks to recover the remaining $4,000 of his judgment award from his own insurer under the uninsured motorist clause of his policy.

The trial court found that at the time of the accident Ricky Alan Toney was not an uninsured motorist, and that plaintiff is entitled to no recovery from defendant. From this judgment plaintiff appeals.

Tucker v. Insurance Co.

*Byrd, Byrd, Ervin & Blanton, by Robert B. Byrd, for plaintiff appellant.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant appellee.*

ARNOLD, Judge.

Plaintiff's policy under which he seeks to collect from defendant defines "uninsured automobile" as "an automobile . . . with respect to . . . which there is, in at least the amounts specified by the financial responsibility law of the state. . . , no bodily injury liability . . . insurance policy applicable at the time of the accident . . . , or with respect to which there is a bodily injury liability . . . insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder." The policy also states explicitly that "the term 'uninsured automobile' shall not include . . . an insured automobile."

G.S. 20-279.21(b)(3)b states in pertinent part: "For the purpose of this section, an 'uninsured motor vehicle' shall be a motor vehicles as to which there is no bodily injury liability insurance . . . in at least the amounts specified in subsection (c) of G.S. 20-279.5, or there is such insurance but the insurance company writing the same denies coverage thereunder, or has become bankrupt. . . ." The "amounts specified in subsection (c) of G.S. 20-279.5" are coverage of not less than $15,000 for bodily injury to any one person and not less than $30,000 for bodily injury to two or more persons in one accident.

On the stipulated facts before us, it is clear that Ricky Alan Toney was not an uninsured motorist within the policy or the statutory definition at the time of the accident. A bodily injury liability policy was in effect on the car he was driving, in the amounts required by the statute. However, plaintiff advances several resourceful arguments as to why we should find this "underinsured" motorist to be uninsured.

Plaintiff seeks to draw analogies between the two exceptions in the statute—an insurer who denies coverage, or goes bankrupt—and his situation. We are unpersuaded. Had the legislature wished to make an underinsured motorist an exception to the general definition, it could have done so easily. Further-

more, the plaintiff's argument that the legislature must have recognized the possibility of accidents from which more than two claims would arise, does not improve his position. The legislature has chosen to require a minimum of $30,000 coverage for two *or more* persons injured in one accident. As defendant points out, if the legislature wished to insure to every injured party a maximum recovery of $15,000, it simply could have omitted the "per accident" limit from the statute.

Both the statutory and policy definitions of "uninsured motorist" exclude a motor vehicle with the minimum required liability insurance. Ricky Alan Toney's automobile was such a vehicle, and therefore plaintiff's uninsured motorist coverage does not apply. The decision of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.